UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

FIFTY-SIX THOUSAND SIX
HUNDRED THIRTY DOLLARS
($56,630.00) IN U.S. CURRENCY
and NINE HUNDRED TWENTY
FOUR DOLLARS ($924.00) IN
U.S. CURRENCY,

        Defendants *in rem.*
_____/

Civil Case No.

Honorable

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through MATTHEW SCHNEIDER, United States Attorney for the Eastern District of Michigan, and GJON JUNCAJ, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* in this action consist of the following:

   a. $56,630.00 in U.S. Currency;

   b. $924.00 in U.S. Currency.

All items listed in paragraph no. 6 shall hereafter collectively be referred to as the "defendant currency."

7. The defendant currency is maintained in the custody of the United States Marshals Service.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them….[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.
> 21 U.S.C. § 881(a)(6).

## FACTUAL BASIS FOR CIVIL FORFEITURE

9. Plaintiff asserts that the defendant currency is forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable to such an exchange; and/or as monies which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

10. The facts supporting these evidentiary determinations include, but are not limited to, the following:

    a. On October 29, 2019, a federally authorized search warrant was executed at a residence located at XXX46 Gardendale Street, Detroit, Michigan.

Steven Pettway and Tiara Reese occupied the residence and were present during the execution of the search warrant by law enforcement officers. During the search of the home law enforcement officers discovered and seized the defendant currency. Narcotics and other material related to drug trafficking was also seized from the home.

      b.     The master bedroom of the home contained men's clothing and men's shoes situated under the bed. Additionally, a prescription pill bottle bearing the name of "Steven Pettway" was located on a nightstand closest to the entrance of the master bedroom. In the top drawer of the same nightstand law enforcement officers located a bag that contained approximately 32.1 gross grams of a substance containing heroin and fentanyl. From the same drawer law enforcement officers also located and seized U.S. currency. Under the bed in the master bedroom, on the side of the bed closest to the bedroom's doorway, a .40 caliber semi-automatic handgun was located along with a magazine containing ammunition.

      c.     The defendant $924.00 was seized from Pettway's wallet, which was located on his person.

      d.     Law enforcement officers also located narcotics processing materials, narcotics, and U.S. currency from the basement of XXX46 Gardendale Street. This included a large press ("Jack Puck" The Smart Press), four (4) scales

4

containing suspected heroin residue, and a Magner 35 money counter. From a duffel bag in the basement, law enforcement seized cutting agents, approximately 274 grams of heroin, separated in plastic bags and paper, and approximately 100 grams of cocaine. Law enforcement officers also seized U.S. currency from a white plastic bag located in a black "High Sierra" backpack on the basement floor.

    e.    The U.S. currency seized from the master bedroom (referenced in paragraph "b" above) and the U.S. currency seized from the basement, totaled a combined $56,630.00. This is the defendant $56,630.00.

    f.    Steven Pettway was arrested on October 29, 2019, by the Drug Enforcement Administration (DEA). Pettway, after being advised of his rights, signed a "waiver of rights" and agreed to freely and voluntarily answer questions without a lawyer present. Steven Pettway admitted to law enforcement officers that he is engaged in narcotics trafficking and that all of the currency seized from the Gardendale location on October 29, 2019 was drug proceeds. Pettway also admitted the suspected narcotics seized were in fact narcotics.

    g.    The defendants *in rem,* comprising of defendant $56,630.00 and defendant $924.00 were furnished or intended to be furnished in exchange for a controlled substance, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents moneys used or intended to be used to

facilitate a violation of Title 21 of the United States Code, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(1)(6).

## CLAIM

11. The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 10 above, including all subparagraphs therein.

12. The defendant currency is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance in violation of Title 21 of the United States Code, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents moneys used or intended to be used to facilitate a violation of Title 21 of the United States Code.

## RELIEF

WHEREFORE Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the defendant currency be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant currency be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as

this Court may deem just and proper, together with the costs and disbursements of this action.

                                  Respectfully submitted,

                                  MATTHEW SCHNEIDER
                                United States Attorney

                                s/*Gjon Juncaj*
                                GJON JUNCAJ
                                Assistant United States Attorney
                                211 W. Fort Street, Suite 2001
                                Detroit, Michigan 48226
                                Phone: (313) 226-0209
                                E:mail: gjon.juncaj@usdoj.gov
Dated:  April 9, 2020                  (P-63256)

## **VERIFICATION**

I, Brian Sznyr, state that I am a Task Force Officer with the U.S. Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Brian Sznyr, Task Force Officer
U.S. Drug Enforcement Administration

Dated: April __9__, 2020